UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TROBY BENSON,

        Plaintiff,

v.                                                     Case No. 2:12-CV-447

BYRON OSBORN, et al.,                   HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendants have filed an Objection to Magistrate Judge Greeley's July 22, 2014 Report and Recommendation (R & R), which recommends that the Court deny Defendants' Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies.[1] After conducting a de novo review of the R & R, Defendants' Objection, and the pertinent portions of the record, *see* 28 U.S.C. § 636(b)(1), the Court concludes that the R & R should be adopted and that Defendants' motion should be denied.

Plaintiff, Troby Benson, a prisoner incarcerated with the Michigan Department of Corrections, filed a civil rights action pursuant to 42 U.S.C. § 1983 on November 28, 2012. On July 15, 2013, the Court issued an Opinion and accompanying Order Regarding Partial Service (dkt. ## 5, 6), which dismissed all of Benson's claims for failure to state a claim except his claim against Defendants Osborn and Durant alleging that they prevented him from filing a meritorious lawsuit in a timely manner by confiscating, or denying him access to, his legal documents on November 16, 2009. (Dkt. # 5 at Page ID#104.)

---

[1] Although both Defendants moved for summary judgment, Defendants argued only that Benson failed to exhaust his claim against Defendant Osborn.

On January 16, 2014, Defendants moved for summary judgment based on Benson's failure to exhaust his claim against Defendant Osborn. In support of their motion, Defendants presented evidence that during 2009, Benson exhausted three grievances—URF-09-12-3786-19d (the 3786 Grievance), URF-09-11-3480-19d (the 3480 Grievance), and URF-09-11-3562-27a (the 3562 Grievance)—through Step III of the MDOC's grievance process. Defendants argued that the 3786 Grievance did not exhaust Benson's claim because, although Benson set forth in "great detail' the items that were missing, Benson did not mention that Defendant Osborn had destroyed his legal documents. Defendants also argued that the 3480 Grievance did not exhaust Osborn's claim because that grievance complained about a property pack-up that occurred on November 4, 2009—almost two weeks before the November 16, 2009 incident. Finally, Defendants argued that the 3562 Grievance did not exhaust Benson's claim because the grievance was rejected at Step I as being nongrievable because legal property hearings and related issues must be appealed through the hearing process. Defendants noted that the initial rejection was upheld at Steps II and III.

In the R & R, without mentioning either the 3786 Grievance or the 3480 Grievance, the magistrate judge noted that Defendants contended that Benson failed to exhaust because the issues he presented at each step of the grievance process were rejected as not grievable in accordance with policy. The magistrate judge concluded that Defendants failed to show lack of exhaustion because Benson did not receive a hearing in the first instance from which he could appeal, and Defendants' own evidence shows that Benson did exhaust his administrative remedies.[2]  (Dkt. # 40 at Page ID##457–58.)

---

[2] The magistrate judge also concluded that the Court should deny Benson's Motion to Correct the July 15, 2013 Opinion. Benson has not objected to this recommendation.

2

In their Objection, Defendants argue that the magistrate judge erred in recommending that the Court deny summary judgment to Defendant Osborn because Benson failed to allege in the 3786 Grievance that Osborn destroyed Benson's civil rights action and his application to proceed *in forma pauperis*. However, the magistrate judge did not conclude that the 3786 Grievance exhausted Benson's claim against Defendant Osborn. Instead, he reasoned that Benson exhausted his claim through Step III in the 3562 Grievance, even though it presented a nongrievable issue. Defendants do not object to this conclusion. Moreover, the Court finds no reason to reject it. *Cf. White v. Jindal*, No. 13-15073, 2014 WL 2864191, at *11 (E.D. Mich. June 24, 2014) (rejecting the defendant's lack of exhaustion argument because the MDOC told the plaintiff that his issues were nongrievable, thus Plaintiff had no available remedies to exhaust).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 22, 2014 (dkt. # 40 ) is **ADOPTED** as the Opinion of the Court and Defendants' Objection is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based Solely on a Failure to Exhaust Administrative Remedies (dkt. # 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct the July 15, 2013 opinion (dkt. # 35) is **DENIED**.

Dated: August 15, 2014              /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE