UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TROBY BENSON,

        Plaintiff,

v.                                     Case No. 2:12-CV-447

BYRON OSBORN, et al.,              HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Troby Benson, has filed Objections to Magistrate Judge Greeley's December 4, 2015 Report and Recommendation (R & R), which recommends that the Court grant Defendants Osborn's and Durant's motion for summary judgment and dismiss Plaintiff's complaint in its entirety. The magistrate judge concluded that Plaintiff's access to the court claim fails because the underlying civil rights claim would have been frivolous. (R & R at 8.) Specifically, the magistrate judge noted that Plaintiff admitted in his deposition that he had no inkling that his cell mate intended to harm him and that the attack was totally unexpected. (*Id.*) The magistrate judge concluded that because Plaintiff failed to put forth any evidence showing that any prison official had knowledge that Plaintiff was at risk of attack by his cell mate, Plaintiff could not establish that the defendants in Plaintiff's proposed lawsuit were deliberately indifferent to Plaintiff's safety. (*Id.*)

After conducting a de novo review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, *see* 28 U.S.C. § 636(b)(1), the Court concludes that the R & R should be adopted and that Defendants' motion should be granted.

In his Objections, Plaintiff does not contest the magistrate judge's statement that Plaintiff failed to offer any evidence showing that any prison official was aware that Plaintiff was at risk of an assault by his cell mate. Instead, Plaintiff contends that he could have established his claims by showing that prison guards failed to conduct their security rounds to check on the safety of inmates locked in their cells and failed to inquire why inmate porters were talking to Plaintiff's cell mate through an opened food slot in the door of Plaintiff's cell. (Objections at 4.) As the magistrate judge observed, however, such allegations pertain to negligence, which is insufficient to establish an Eighth Amendment violation. *See Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (holding that the plaintiff's allegations that the sheriff and jailer should have known that placing the plaintiff in a jail with a large population of white inmates put him at risk for attack failed to show deliberate indifference).

Plaintiff cites *Martin v. White*, 742 F. 2d 469 (8th Cir. 1984), as support for his argument that he may rely generally on a history of inmate assaults in the prison to establish an Eighth Amendment violation. *Martin* does not support Plaintiff's claim. First, the plaintiff in *Martin* sued the warden for failure to establish reasonable procedures to protect inmates from sexual and physical assaults by other inmates. *See id.* at 470–71. In contrast, in the instant case, Plaintiff sought to sue individual corrections officers for their failure to protect him in connection with a single incident rather than their failure to enact policies and procedures designed to prevent inmate assaults generally. More importantly, as the Eighth Circuit subsequently observed in *Jensen v. Clarke*, 73 F.3d 808 (8th Cir. 1996), *Martin*, which applied a standard more akin to negligence, was abrogated by *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994), which adopted the deliberate indifference standard. *Id.* at 810–11. Accordingly, Plaintiff has failed to show that the R & R errs in recommending that the Court grant Defendants' motion.

Plaintiff also contends that the Court should permit him to conduct discovery, and he requests a continuance for such purpose. However, discovery is long closed, and Plaintiff has failed to explain why he could not have obtained the discovery he seeks before the discovery period expired. (ECF No. 55.) Moreover, Plaintiff fails to identify what discovery he might obtain that would support his claim. Given his admission that the attack was totally unexpected, there is no reasonable basis to conclude that Plaintiff could obtain evidence to support his claim that prison officials were deliberately indifferent.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 4, 2015 (ECF No. 78) is **ADOPTED** as the Opinion of the Court, and Defendants' Motion for Summary Judgment (ECF No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

A separate judgment will enter.

This case is **concluded**.

Dated:  March 8, 2016                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE